IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Arletta J. Kurowski, <br> Daniel D. Kurowski Hawk, <br> Debra J. Kurowski, and <br> Donna M. Kurowski-Galvan, <br><br> Plaintiffs, <br><br> v. <br><br> Brian Kurowski, and Estate of Norma J. Kurowski, <br><br> Defendants. | Civil Action No. 8:19-cv-1494-TMC <br><br> **ORDER** |

Plaintiffs, proceeding pro se, filed the instant action seeking damages from defendants pursuant to 28 U.S.C. §§ 1983, 1986. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without prejudice and without issuance and service of process because the court lacks subject matter jurisdiction. (ECF No. 10 ). Plaintiffs were advised of their right to file objections to the Report and of the potential consequences of not filing timely objections. *Id.* at 9. Plaintiffs filed timely objections. (ECF No. 13). Plaintiffs subsequently filed a motion to amend their complaint. (ECF No. 14).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter

1

with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

The magistrate judge provided a detailed account of the facts in his Report, which the court incorporates herein.[1] Briefly, Plaintiffs contend that Defendant Brian Kurowski ("Brian") falsified the death certificate of his father, Kenneth H. Kurowski ("Kenneth") by claiming that his mother, Norma Kurowski ("Norma"),[2] was the legal surviving spouse of Kenneth. (ECF No. 1 at 5–6). However, Plaintiffs claim that Plaintiff Arletta Kurowski ("Arletta") was Kenneth's true surviving spouse, and that she and her children were, therefore, deprived of receiving the estate property to which they were entitled. *Id.* at 6. Plaintiffs allege the Deputy Coroner and several probate judges, who are not named defendants in this case, then conspired with Defendants to appoint Norma as the personal representative of Kenneth's estate and "blocked" Plaintiffs' attempts to correct the death certificate. *Id.* at 7 – 8. Plaintiffs contend that Defendants have, in essence, conspired to seize personal estate property from them, have prevented them due process of law, have criminally

---

[1] As the magistrate judge did in his Report, the court takes judicial notice of the actions filed by Plaintiffs challenging the probate of the estate of Kenneth H. Kurowski, including cases in the Oneida Judiciary, the United States District Court for the Eastern District of Wisconsin, the South Carolina Probate Court, and an appeal from the South Carolina Probate Court in the Abbeville County Court of Common Pleas. *See Kurowski v. Kurowski, et al.*, C/A Nos. 18-AC-004; 18-AC-005; 18-AC-006 (Oneida Judiciary); *Kurowski v. Kurowski, et al.*, C/A No. 19-C-274 (E.D. Wis.); *Hawk v. Kurowski, et al.*, C/A No. 2018-CP-01-00069, Abbeville County Public Index, https://publicindex.sccourts.org/Abbeville/PublicIndex/PISearch.aspx (enter 2018-CP-01-00069) (last visited June 28, 2019), appeal pending C/A No. 2018-001067 (S.C. Ct. App.) ("SC State Court Case"); *In re Kenneth Kurowski*, C/A No. 2009-ES-01-00096 (S.C. Probate Ct.) ("SC Probate Case").

[2] Norma Kurowski's estate has been named a Defendant in this action due to Norma's passing.

falsified Kenneth's death certificate, and have allowed Norma to perjure herself in the probate court proceedings by claiming she was Kenneth's surviving spouse. *Id.* at 1-8. Plaintiffs claim that these facts amount to violations of their Fourth, Fifth, and Fourteenth Amendment Rights along with the Morrill Anti-Bigamy Act and that such violations give this court subject matter jurisdiction. *Id*. at 3 – 5.

As for relief, Plaintiffs seek the following: (1) an Order to correct Kenneth's death certificate and list Arletta as the surviving spouse; (2) an award of $400,000 in "consideration of Kenneth's inheritance, the current value of the estate property, Norma's estate, and Brian's net worth"; and (3) a punitive damages award of $100,000. *Id.* at 10.

## II. LAW AND ANALYSIS

In his Report, the magistrate judge determined that Plaintiffs' claims are barred by the *Rooker-Feldman*[3] doctrine because Plaintiffs seek to have this court review and interfere with state probate court proceedings. (ECF No. 10 at 4). Plaintiffs object to this determination, arguing that the court does have jurisdiction because they have been deprived of their constitutional rights. (ECF No. 13). Plaintiffs contend that this case "is a separate action and does not nor will it take the place of or subvert other court actions and especially not probate." *Id.* at 2. However, the court agrees with the magistrate judge that the crux of Plaintiffs' case challenges the validity of the state court's orders and seeks to vacate or overrule the state court's decisions and to interfere with ongoing state court proceedings. It is not within the power of this court to question the ongoing state court proceedings or the prior orders of the probate judges. *Cf. In re Genesys Data Tech., Inc.,* 204 F.3d 124, 127 (4th Cir. 2000) (stating that pursuant to 28 U.S.C. §1738, all federal courts must give full faith and credit to valid state court judgments).

---

[3] *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

The court also notes that the magistrate judge determined that the court also lacks jurisdiction because of the probate exception to federal jurisdiction. (ECF No. 10 at 7). Plaintiffs do not address this portion of the Report in their objections. The court agrees with the magistrate judge that the remedies sought by Plaintiffs would effectively require the court to administer Kenneth's estate, which the court lacks the jurisdiction to do. *See Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 680 – 81 (4th Cir. 2015).

Furthermore, while Plaintiffs contend in their objections that they seek to amend their Complaint to "withdraw the remedy to correct the State of South Carolina Death Certificate, notwithstanding, this Court must know it is wrong to falsify a vital record under state law to intentionally deprive others of their constitutional rights," *id.* at 3, and while Plaintiffs did, thereafter, file a motion to amend the Complaint to withdraw such request for relief, (ECF No. 14), the proposed amendment does not cure the jurisdictional deficiencies. Even without the request for this court to order a correction of the death certificate, Plaintiffs still effectively ask this court to award damages based on what Plaintiffs purport to be their proper inheritance payout and based on the assumption that the state court proceedings were faulty. Accordingly, the court denies Plaintiffs' motion to for leave to amend the complaint because the proposed amendments are futile.[4] *See* Fed. R. Civ. P. 15; *Johnson v. Oroweat Foods, Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile"). Therefore, the court overrules Plaintiffs' objections and finds that it lacks jurisdiction over this case because of both the *Rooker-Feldman* doctrine and the probate exception to federal jurisdiction.

---

[4] Furthermore, based on the nature of this case, the deficiencies could not be cured by further amendment.

## III. CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the magistrate judge's Report (ECF No. 10), which is incorporated herein by reference. The court **DENIES** Plaintiffs motion to amend their Complaint (ECF No. 14), and the case is **DISMISSED *without* prejudice and without issuance and service of process.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 16, 2019

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.